Dr. Linda Beene, Director Arkansas Department of Higher Education 114 E. Capitol Little Rock, AR 72201-3818
Dear Dr. Beene:
You have requested my opinion on a matter that was the subject of Attorney General Opinion No. 2001-163, issued by my predecessor. In that opinion, my predecessor addressed the question of whether the "religious exemption" that is provided by Rule 8(I) of the Rules and Regulations of the Arkansas Department of Higher Education violates the First Amendment to the U.S. Constitution or Article 2, §§ 24 and 25 of the Arkansas Constitution. My predecessor opined that Rule 8(I) does not on its face violate the Free Exercise Clause of the First Amendment, but that it does on its face raise a constitutional concern based on the Establishment Clause of the First Amendment. His conclusions were the same regarding Article 2, §§ 24 and 25 of the Arkansas Constitution. He also noted that those conclusions could conceivably be counter-balanced by factual evidence of the manner in which Rule 8(I) is applied.
You state that in light of those conclusions, the Institutional Certification Advisory Committee recommended to the Arkansas Higher Education Coordinating Board that Rule 8(I) be repealed. The Board tabled the issue until my opinion on the matter could be obtained.
Accordingly, you have presented the following questions:
 (1) Assuming that the Arkansas Department of Higher Education (ADHE) could demonstrate that Rule 8(I) was applied fairly and consistently, would Rule 8(I) violate the First Amendment of the U.S. Constitution and the right of religious freedom under Article 2, §§ 24 or 25 of the Arkansas Constitution?
 (2) If ADHE could demonstrate that the determination of the applicability of Rule 8(I) was dependent on whether or not the programs offered were in the academic marketplace and not whether or not the institution is a "religious institution," would Rule 8(I) violate the U.S. or Arkansas Constitutions?
RESPONSE
I am unable to respond to your questions at this time. This issues that you have raised are likely to be addressed either administratively or judicially in litigation that is currently pending. Rule 8 was the subject of the case In the Matter of Southern College of NaturopathicMedicine, before the Arkansas Higher Education Coordinating Board. The Board held a hearing on the matter, and its order in the case was signed on January 14, 2004. The order was delivered to the Respondent on January 22, 2004. The Respondent has 30 from receipt of the order in which to appeal the Board's decision to the circuit court. The matter is therefore clearly pending at this time.
It is a long-standing policy of this office not to issue legal opinions on matters that are pending before a judicial or quasi-judicial branch of government for determination. Such matters are properly decided by the judicial or quasi-judicial branch of government that is charged with the responsibility of deciding the dispute presented to it; commentary from any of the other branches of government could present a threat to the constitutional principle of separation of powers.
For this reason, I cannot address your questions at this time.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General